UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DANIEL JANKANISH and
HEATHER JANKANISH, a married
couple, and DAVID L. MCFERRIN, on
behalf of themselves and all others
similarly situated,

            Plaintiffs,

      v.

FIRST AMERICAN TITLE
INSURANCE COMPANY and FIRST
AMERICAN SMS, aka SMS
SETTLEMENT SERVICES,

            Defendants.

Case No. C08-1147MJP

ORDER ON MOTION FOR LEAVE TO
AMEND COMPLAINT

This matter comes before the Court on Plaintiffs' motion for leave to amend the

complaint. (Dkt. No. 95.) The Court has reviewed the motion, Defendants' response (Dkt.

No. 97), Plaintiffs' reply (Dkt. No. 100), and all other pertinent documents in the record. For

the reasons set forth below, the Court DENIES Plaintiffs' motion.

**Background**

Plaintiffs Daniel and Heather Jankanish and proposed named plaintiff Anne Alberg

sold or refinanced residential real estate in 2007 and 2008, and Defendant First American

Title Insurance Company ("FATIC") served as the escrow agent for each transaction. (Dkt.

No. 95, Ex. A ¶¶ 11-12.) At issue in this motion are Plaintiffs' claims under the Real Estate

Settlement Procedures Act ("RESPA") challenging fees charged by FATIC. (Id. at ¶¶ 118-

24.)

1   This Court previously issued an order on a 12(b)(6) motion in this action, in which it

2   dismissed some of Plaintiffs' RESPA claims as untimely. Plaintiffs now seek to add Ms.

3   Alberg as a class representative in order to reinstate those claims. Plaintiffs also seek to

4   modify the complaint to conform it to the other portions of the 12(b)(6) order. Defendants

5   object only to the addition of Ms. Alberg as a class representative, and this order addresses

6   that issue. (Dkt. No. 95 at 4; Dkt. No. 97 at 5 n.1.)

7       The Court's deadline for joining additional parties was March 27, 2009, and the

8   deadline for filing amended pleadings was April 6, 2009. (Dkt. No. 77 ("Scheduling

9   Order").) The Court's ruling on Defendants' 12(b)(6) motion issued on March 23, 2009, and

10  Plaintiffs filed this motion to amend on April 23, 2009.

11                                **Discussion**

12      A motion seeking to amend a complaint and join additional parties after the relevant

13  deadlines have passed implicates Rules 15 and 16 of the Federal Rules of Civil Procedure.

14  Rule 16 applies as a threshold analysis to all motions requesting modification of a court's

15  scheduling order. The Rule requires that a party show "good cause" for modifying the

16  deadlines set forth in a scheduling order. Fed. R. Civ. P. 16(b)(4).

17      A court reaches the Rule 15 analysis only after the party seeking leave to amend has

18  met the requirements of Rule 16. Yet Plaintiffs' motion focuses solely on Rule 15, without

19  addressing Rule 16 or requesting modification of the Scheduling Order. This failure alone is

20  grounds for denying the motion. Johnson v. Mammoth Recreations, 975 F.2d 604, 608 (9th

21  Cir. 1992) (citing U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff, 768 F.2d 1099,

22  1104 (9th Cir. 1985)). Nevertheless, some precedent indicates that a court may treat an

23  untimely motion to amend as a de facto motion to modify the scheduling order. See R.L.

24  Clark Drilling Contractors, Inc. v. Schramm, Inc., 835 F.2d 1306, 1308 (10th Cir. 1987)

25  (treating a party's late assertion of a new issue as an implicit motion to amend the pretrial

    order); but see Johnson, 975 F.2d at 608-09 (suggesting that the Ninth Circuit disfavors the

ORDER - 2

1    practice). The following analysis gives Plaintiffs the benefit of the doubt and discusses the
2    issue as though they had filed the proper motion.

3        A plaintiff satisfies the "good cause" standard by showing that, even acting diligently,
4    she could not have met the deadlines set forth in the scheduling order. Johnson, 975 F.2d at
5    609 (citing Fed. R. Civ. P. 16 advisory committee's notes to the 1983 amendment). Plaintiffs
6    have not met this standard in their request to join Ms. Alberg as a named plaintiff.

7        The Court's Scheduling Order allowed Plaintiffs to join parties until March 27, 2009.
8    Plaintiffs received the order dismissing their RESPA claims on March 23, 2009. Plaintiffs
9    assert that they could not have "reasonably predict[ed]" the Court's dismissal of their RESPA
10   claims as untimely, and that they "diligently pursued amendment" upon receipt of the Court's
11   order. (Dkt. No. 100 at 5.) Plaintiffs support their argument by claiming that this Court was
12   "the first in this District to reject the equitable estoppel and tolling arguments that Plaintiffs
13   advanced." (Dkt. No. 100 at 3.)

14       Plaintiffs' characterization of the case law is incorrect. Plaintiffs' own authority,
15   Contos v. Wells Fargo Escrow Co., held equitable tolling applicable in circumstances where
16   the defendants made affirmative misrepresentations, but specifically distinguished precedent
17   rejecting similar equitable tolling arguments in cases lacking allegations of affirmative
18   misrepresentations. Case No. CV08-838TSZ (W.D. Wash. filed Oct. 1, 2008). Because
19   Plaintiffs "fail to allege that Defendants actively engaged in wrongful conduct that prevented
20   Plaintiffs from discovering the claims," Contos is not applicable. (Dkt. No. 91 at 6.)
21   Plaintiffs also rely unavailingly on case law resulting from factually dissimilar RESPA
22   claims, see Blaylock v. First American Title Insurance Co., 504 F. Supp. 2d 1091, 1095
23   (W.D. Wash. 2007) (applying equitable tolling where the plaintiffs filed suit two days after
24   the defendants' allegedly illicit conduct became publicly known), and case law that does not
25   directly support their argument, see Bushbeck v. Chicago Title Insurance Co., Case No. C08-
     755JLR (W.D. Wash. filed Dec. 4, 2008) (upholding RESPA claims without addressing any

1  statute of limitations issue); <u>Hanka v. Chicago Title Insurance Co.</u>, Case No. C08-984JLR

2  (W.D. Wash. filed Feb. 10, 2008) (sustaining equitable tolling argument on highly fact-

3  specific grounds).

4          Finally, Plaintiffs' argument that they could not have known how the Court would rule

5  on Defendants' challenge to the RESPA claims is disingenuous in light of an earlier ruling

6  issued by this Court on similar arguments.  This Court issued an order on a 12(b)(6) motion in

7  <u>Cornelius v. Fidelity National Title Co.</u>, whose plaintiffs have the same legal representation as

8  the current Plaintiffs, two weeks before ruling on the 12(b)(6) motion in this action.  Case No.

9  C08-754MJP (W.D. Wash. filed March 9, 2009).  The <u>Cornelius</u> order rejected an argument

10  for equitable estoppel and equitable tolling identical to that presented by Plaintiffs in this case.

11  Yet Plaintiffs admit that they waited to begin investigating an amended complaint until after

12  this Court issued its order on Defendants' 12(b)(6) motion, just four days before the deadline

13  for joining additional parties and two weeks before the deadline for amending pleadings, both

14  of which had been known to Plaintiffs since the Court issued its Scheduling Order.  (Dkt. No.

15  95 at 3; Dkt. No. 100 at 5.)

16          In sum, Plaintiffs find no support in case law for their request to modify the

17  Scheduling Order, and Plaintiffs' failure to prepare for the possibility that Defendants might

18  prevail on their motion to dismiss indicates that they did not diligently seek to comply with

19  the Scheduling Order with respect to adding Ms. Alberg as a party.  Defendants' motion to

20  dismiss, filed September 23, 2008, put Plaintiffs on notice that their RESPA claims might be

21  time-barred.  Although this Court did not rule on that motion until March 23, 2009, shortly

22  before the deadlines for joining additional parties and amending the pleadings, that fact does

23  not absolve Plaintiffs of their responsibilities under Rule 16.  Plaintiffs could have filed a

24  motion to extend the deadlines for joinder and amendment as soon as this Court ruled on the

25  12(b)(6) motion, but they failed to do so.  Because they do not meet Rule 16(b)(4)'s required

1 | showing of good cause to amend the Scheduling Order, the Court must deny Plaintiffs'

2 | motion and need not address the parties' Rule 15 arguments.

3 | **Conclusion**

4 |       Plaintiffs improperly failed to file a motion to amend the Scheduling Order, and they

5 | additionally failed to act with sufficient diligence to establish good cause for amending the

6 | order. The Court therefore DENIES Plaintiffs' motion.

7 |       The Clerk is directed to send a copy of this order to all counsel of record.

8 |

9 |       DATED this 2nd day of July, 2009.

10 |

11 |     /s/ Marsha J. Pechman

    Marsha J. Pechman

12 |     United States District Judge